# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-40350

United States Court of Appeals
Fifth Circuit

**FILED**

March 13, 2018

Lyle W. Cayce
Clerk

HERSCHEL JEROME HURD,

Plaintiff-Appellant

v.

KAREN A. BARNETT; JOHNATHON D. CAMPBELL; TAWANNA A. MONROE,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:15-CV-734

Before HIGGINBOTHAM, JONES, and COSTA, Circuit Judges.

PER CURIAM:*

Herschel Jerome Hurd, Texas prisoner # 1566322, filed a pro se and in forma pauperis (IFP) 42 U.S.C. § 1983 complaint and amended complaint against TDCJ-ID officers Karen A. Barnett, Johnathon D. Campbell, and Tawanna A. Monroe, alleging various violations of his constitutional rights due to the loss or confiscation of his personal property. Hurd also alleged that he was denied meals due to the confiscation or deactivation of his prisoner

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

identification card and that the defendants engaged in unlawful strip searches and searches of his cell on numerous occasions. He alleged that the defendants' actions were meant to retaliate against him and to harass him for having filed grievances and violated his First, Fourth, Eighth, and Fourteenth Amendment rights. Hurd sued the defendants in their official and individual capacities, and he sought $7 million dollars in compensatory and punitive damages.

The district court dismissed the complaint for failure to state a claim upon which relief may be granted, finding, inter alia, that the defendants were entitled to Eleventh Amendment immunity as well as qualified immunity. The court denied Hurd permission to appeal IFP, certifying that the appeal was not taken in good faith. *See* 28 U.S.C. § 1915(a)(3). By moving for IFP status, Hurd is challenging the district court's certification decision. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Hurd does not challenge the dismissal of his official capacities claims as barred by the Eleventh Amendment and does not meaningfully address the district court's dismissal of his individual capacity claims as precluded by qualified immunity. Accordingly, we consider these claims abandoned. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Hurd has failed to show that his appeal involves "legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted). His IFP motion is DENIED, and his appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n.24.

The dismissal of this appeal as frivolous counts as a strike under § 1915(g). *Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996). Hurd is CAUTIONED that if he accumulates three strikes, he will no longer be allowed

No. 17-40350

to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g). Hurd's motion for appointment of counsel is also DENIED.